UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP.,:<br>as Receiver for Burritt Interfinancial<br>Bancorporation,            : | |
| Plaintiff,               : | Docket No. 3:00CV554 (JCH) |
| VS.                           : | |
| WINSTED LAND DEVELOPMENT CO. ,:<br>et al., | |
| : | |
| Defendants. | September 3, 2004 |

MOTION FOR ORDER TO SHOW CAUSE AND
REQUEST FOR HEARING THEREON

The parties executed a Settlement Agreement and Release in this case, which was approved by this Court on June 29, 2001. The Settlement Agreement provided at Paragraph 6A that judgment would enter in favor of the FDIC and against Defendant John Lombard, individually, in this case as well as two related cases, FDIC v. Knollwood Dev. Assoc., et al., docket number 3:00CV00555 (JCH) and FDIC v. Knollwood Dev. Assoc., et al., docket number 3:00CV00556 (JCH). However, Paragraph 6E of the Settlement Agreement provided that the FDIC would forbear from enforcing the judgment against John Lombard.

In order to induce the FDIC to agree to the terms of the Settlement Agreement, defendant John Lombard submitted financial statements. Paragraph 10 of the Settlement Agreement provided that in the event that the financial information submitted by John Lombard was false, inaccurate or misleading, the FDIC would be permitted to enforce collection of its judgment against John Lombard.

Specifically, Paragraph 10 states in relevant part:

> In the event that it is determined by a court of competent jurisdiction that any of the Lombard Parties have knowingly made or invited reliance upon a false, forged or counterfeit statement, documents or thing in connection with this Settlement Agreement, or that any of the Lombard Parties have knowingly provided material information to the FDIC which is substantially inaccurate or incomplete, in a manner which would affect the fundamental premises on which this Settlement Agreement is based, then as to the party or parties who made or invited reliance upon a false, forged or counterfeit statement, document or thing or who provided such material and substantially inaccurate or complete information, this Settlement Agreement shall be void and, to the extent that the FDIC has not sold or transferred the underlying obligations, such parties obligations to the FDIC shall be reinstated in accordance with their original terms.

Based upon the memorandum of law in support of this motion, and supporting exhibits, the Government contends that the financial information submitted by John Lombard to induce the FDIC to enter into the Settlement Agreement was knowingly false, inaccurate and misleading.

Accordingly, the Government respectfully requests that this Court issue an Order to Show Cause and schedule a hearing thereon to permit John Lombard to show cause why judgment should not enforced against him.

In the event that John Lombard fails to show cause why judgment should not be enforced against him, the Government further requests that a debtor examination be held immediately after the Show Cause hearing to assist the Government with enforcing its judgment against Mr. Lombard.

Based upon all of the foregoing reasons, and in the interest of justice, the Government respectfully requests that this motion be granted.

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

*(signature)*

CHRISTINE SCIARRINO
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3780
FEDERAL BAR NO. CT3393

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 3rd day of September, 2004, to:

William L. Stevens, Esq.
St. John, Scappini, Lombard & Stevens
13 First Avenue
Waterbury, CT   06710-2290

 

 

_____
CHRISTINE SCIARRINO